IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKI JOHNSON,<br><br>      Plaintiff,<br><br> vs.<br><br>UNITED OF OMAHA LIFE INSURANCE, Company,<br><br>      Defendant. | 8:11CV296<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on plaintiff Vicki Johnson's motion for attorney fees, and prejudgment and postjudgment interest. Filing No. 63. On March 11, 2013, this court found in favor of Ms. Johnson on her claim for wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.* Filing No. 56, Memorandum and Order. Johnson recovered under 29 U.S.C. § 1132(a)(1)(B).

  I. LAW

  A plaintiff is required to achieve "some degree of success on the merits" to recover attorney fees under ERISA. *Hardt v. Reliance Standard Life Ins. Co.*, — U.S. —, —, 130 S. Ct. 2149, 2158 (2010) (clarifying that a party need not attain "prevailing party" status to receive such an award); 29 U.S.C. § 1132(g)(1) ("the court in its discretion may allow a reasonable attorney's fee and costs of action to either party"). This threshold is met if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue. *Id.*; *In re Interstate Bakeries Corp.*, 704 F.3d 528, 537 (8th Cir. 2013). Once the threshold is met,

a court in exercising its discretion may then consider factors such as: (1) degree of culpability or bad faith, (2) ability to satisfy an award of attorney's fees, (3) potential for deterring other persons acting under similar circumstances, (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and (5) the relative merits of the parties' positions.  See *Hardt,* 130 S. Ct. at 2158 n. 8; *Interstate Bakeries*, 704 F.3d at 537-38.

Courts should consider ERISA's remedial nature in determining whether to award fees. *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006).  ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans.  *Id.*  A district court considering a motion for attorney fees under ERISA should therefore apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.  *Id.*  Although there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees.  *Id.* at 1041; see *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc).

The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (holding that the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate is the appropriate method for determining the attorney fee award in most cases); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001).  The court should also take

into account the amount of the recovery and the results obtained by the lawsuit. *See Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999) (noting that these are "certainly relevant factors" in an ERISA case). In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), though it need not exhaustively address every factor.[1] *Id.* A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Id.* at 272 F.3d at 1048. The term "any action" in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings. *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004).

The question of whether interest is to be allowed, and also the rate of computation, is a question of federal law where the cause of action arises from a federal statute. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322 (8th Cir. 1995). Although ERISA does not expressly provide for prejudgment interest, prejudgment interest may be awarded under 29 U.S.C. § 1132(a)(3)(B), which provides for "other appropriate equitable relief". *Id.* Awards of prejudgment interest are discretionary. *Id.* Prejudgment interest "should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." *Stroh v. Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986). Equity and sound public policy support a court's decision to award prejudgment interest, especially when the exact

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

3

amount of the liability on the plans is not in issue. *Mansker*, 54 F.3d at 1330-31. The federal statute that governs postjudgment interest, 28 U.S.C §1961, also "provides the proper measure for determining" the rate of prejudgment interest on claims for past benefits under ERISA. *Id.* at 1331. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322 (8th Cir. 1995).

II. DISCUSSION

The plaintiff seeks an award of fees in the amount of $22,638, representing 87 hours of work at the rate of $340 per hour, for the litigation, and an additional $1,710.50 for preparation of the fee application, for a total award of $24,348.50. United does not dispute that the plaintiff is entitled to attorney fees as prevailing party in this case, but it objects to plaintiff's counsel's hourly rate and seeks a reduction for duplication of entries, mathematical errors, and block billing.[2]

The court finds Johnson has achieved a degree of success that makes her eligible for an award of fees. In analyzing the factors set forth above, the court finds a degree of culpability the part of defendant United of Omaha Life Insurance Company ("United") that weighs in favor of an award of fees. United generally mismanaged the file, ignored evidence, and mistakenly treated the claim as one for mental instead of physical disability. Further, it ignored the time limits established in the plan and caused delay. Its conduct, though not malicious or in bad faith, can generally be characterized as giving Ms. Johnson "the run-around." An award of fees will deter this sort of conduct

---

[2] Specifically, United argues that the market rate for attorney Lathrop's fees is of $250 per hour, and that the fee should be reduced by $5,648 for Mr. Lathrop's time, by $74 for the mathematical error in the calculation of total time billed, by $102 for duplication of entries in the bill, and by $1,500 (15%) for the block billed entry, for a total reduction of $7,324, resulting in a total award of $17,024.50. See Filing No. 66, United Brief at 13. The plaintiff concedes its application should be reduced by .4 hours ($110) for duplication and error. Filing No. 68, Plaintiff's Reply at 5.

in the future.  It is undisputed that United has the ability to pay a reasonable attorney fee.  Johnson's action will benefit others damaged by wrongful denials and procedural irregularities.  The relative merits also fall on the side of fees since United's position was not tenable.

In support of its motion for fees, plaintiff submits itemized billing records of the Hauptman, O'Brien, Wolf and Lathrop Law Firm showing 62.2 hours of work by Steven Lathrop at the rate of $340 per hour, 5.2 hours of work by David O'Neill at the rate of $185 per hour, and 6.6 hours of work by Michelle Schimmer at the rate of $80 per hour.  Filing No. 65, Index of Evid. Ex. 2.  The billing records also reflect an additional 8.9 hours of work by David O'Neill and .8 hours by Michelle Schimmer for preparation of the fee application.  *Id.*  Attorney Steven Lathrop's declaration outlines his education, experience and qualifications and attests to the education, background and expertise of associate David O'Neill and paralegal Michelle Schimmer.  *Id.*, Ex. 1.  The plaintiff also submits the Declaration of Mark Peterson, Litigation Partner at Stinson Morrison Hecker, LLP, who states his standard hourly fee for handling ERISA matters is currently $350 per hour.  *Id.* Ex. 3.  He further states the fee is reasonable in this community for attorneys of comparable experience, expertise, and reputation.  *Id.*

The court further finds the time expended by counsel was reasonable for a case of this nature.  The court finds the hours and labor expended on the case were reasonable.  Although this is a fairly straightforward ERISA case, it involved several issues that could be characterized as complex and a voluminous record.  The plaintiff was required to research and respond to a number of motions.

5

Johnson has submitted an affidavit showing that the hourly rate sought by plaintiff's counsel is reasonable in this community. Based on the affidavit and on the court's familiarity with fees in the community, the court finds the hourly rate is reasonable. United submits evidence that lower fees have been awarded, but that fact is not determinative. Rates higher than those sought in this case have also been awarded. In view of plaintiff's counsel's experience and expertise, the court finds a fee of $340 an hour is not out of line for an attorney in Omaha with 30 years of experience and a record of success. Also, not many attorneys in the local market are willing to prosecute ERISA cases. Accordingly, the court finds an award of fees at respective hourly rates of $340, $185, and $80 an hour are appropriate.

Plaintiff concedes that the amount should be reduced by $110. Because a plaintiff cannot recover under ERISA for work performed at pre-litigation administrative proceedings, fees for work performed prior to the filing of the action, $2,142, will also be deducted from the award. Accordingly,

IT IS ORDERED:

1. Attorney fees in the amount of $22,096.50 are awarded to the plaintiff.

2. A judgment in conformity with this opinion will issue this date.

Dated this 5th day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge